CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 29 2008

JOHN F CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| R.E. ADKINS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:08CV00001 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| MATHEWS NICHOLS & ASSOCIATES, LLC, ) | |
| and ) | By: Hon. Glen E. Conrad |
| BOWKER PROMOTIAL SERVICES, ) | United States District Judge |
| ) | |
| Defendants. ) | |

This matter is before the court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted.

## I. FACTUAL BACKGROUND

The plaintiff, a Virginia resident proceeding pro se, has filed a brief complaint against Mathews, Nichols & Associates, LLC ("Mathews, Nichols") as well as Bowker Promotial [sic] Services[1] ("Bowker"). Mathews, Nichols appears to be a New York entity, and Bowker appears to be a New Jersey entity. In his complaint, the plaintiff, R.E. Adkins ("Adkins"), claims that on June 20, 2005, he entered into a contract with Bowker whereby Bowker would provide him with an ISBN copyright number and a professional review of his book Where Angels Die. Adkins contends that he paid Bowker $1,568.45, but that Bowker never reviewed the book.

Adkins next states that Mathews, Nichols, acting as an agent of Bowker, made a series of 60 harassment calls to him. Mathews, Nichols then allegedly informed Adkins that his computer

---

[1] According to the defendants, this entity's proper name is R. R. Bowker, LLC. Because the court will grant the defendants' motion to dismiss in this case, it will not be necessary for the plaintiff to amend his complaint to make this correction.

had poor virus protection. Adkins claims that after he received threatening emails from Mathews, Nichols, his computer crashed due to a computer virus.

Based upon the court's review of his complaint, it is not entirely clear what cause of action the plaintiff is attempting to assert or what remedy he seeks. Adkins does state that he paid for a review which he claims was never given. This could be construed as a breach of contract claim. Adkins also asserts that he received numerous calls from Mathews, Nichols, which was apparently acting as a collection agency for Bowker. He cites a violation of "U.S.F.D. Collections Act, Sec. 806-15 USCj619B." There is no existing statute at 15 U.S.C. § 619, however the Fair Debt Collection Practices Act ("FDCPA") is codified at 15 U.S.C. §§ 1692 to 1692o. The plaintiff also requests punitive damages in the sum of the court's discretion.

The defendants have now filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendants contend that the plaintiff is unable to assert a claim under the FDCPA under the facts alleged and that his complaint fails to demonstrate a nexus between the factual allegations contained therein and any other cause of action. After the parties submitted briefs on the issues raised, a hearing was held on the defendants' motion on February 26, 2008. The motion is now ripe for decision.

## II.   STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). As the Supreme Court recently noted, a complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965.

A court must construe a pro se complaint liberally, and the allegations should be taken as true for the purposes of a motion to dismiss. Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). On the other hand, when considering a pro se complaint, courts are not required to "conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.   DISCUSSION

The defendants first claim that Adkins's complaint should be dismissed because he is unable to assert a claim under the FDCPA under the facts alleged. The defendants assert that Bowker is a creditor as defined by the FDCPA. See 15 U.S.C. § 1692a(4) (defining "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed"). The FDCPA regulates the activities of debt collectors, not creditors. See 15 U.S.C. §§ 1692 and 1692k(a). Therefore, according to the defendants, Bowker is not liable for any claim asserted under the FDCPA. The plaintiff has not, and apparently can not, dispute this contention. Although Adkins did allege that Mathews, Nichols was acting as an agent of Bowker, this fact alone, even if true, would not be sufficient to bring Bowker under the coverage of the Act. Therefore, the court finds that the complaint fails to state a cause of action under the FDCPA against defendant Bowker.

The defendants do not deny that Mathews, Nichols is a debt collector whose actions

3

Case 5:08-cv-00001-GEC    Document 11    Filed 02/29/08    Page 3 of 7    Pageid#: 33

would generally be covered by the Act. As the defendants note, however, the FDCPA applies only to consumer debts, which are defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The defendants contend that the debt described in the plaintiff's complaint is a business debt, not a consumer debt, and that their conduct was not subject to the provisions of the FDCPA. The plaintiff responds, however, that he never represented himself as a company.

In Mabe v. G.C. Services Ltd. Partnership, 32 F.3d 86, 88 (4th Cir. 1994) (quoting Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1168-69 (3rd Cir. 1987)), the Court held that a Virginia child support obligation is not a debt under the FDCPA, finding that "the type of 'transaction' which creates a 'debt' under the FDCPA is one in which 'a consumer is offered or extended the right to acquire money, property, insurance, or services which are primarily for household purposes and to defer payment." In attempting to determine whether "a transaction is consumer or commercial in nature, '[w]e must examine the transaction as a whole and the purpose for which the credit was extended, in order to determine whether this transaction was primarily consumer or commercial in nature.'" Perk v. Worden, 475 F. Supp. 2d 565, 569 (E.D. Va. 2007) (quoting Tower v. Moss, 625 F.2d 1161, 1166 (5th Cir. 1980)). In Perk, the Court ultimately held that a cardholder had incurred a consumer debt even though she had used a corporate credit card because, at the time the debt was incurred, it was for personal purposes. 475 F. Supp. 2d 569-70.

In this case, Adkins attempted to procure a book review for a book which he had written

4

and which had previously been published. This book was available for sale to the public. The services Adkins purchased from Bowker included a book review as well as promotional services, including a listing of the book on an internet site and an advertisement for the book in Bowker's winter guide. The apparent goal of this service was to increase awareness and sales of the book. Although Adkins entered into the transaction with Bowker under his own name, the court finds that, considering the purpose for which credit was apparently extended in this case, the transaction was ultimately commercial in nature. As a result, the debt at issue in this case was not a qualifying debt under the FDCPA. Therefore, even if the court construes the plaintiff's complaint to include an assertion of a cause of action under that Act, any such claim must fail.

Finally, the defendants generally contend that the complaint has failed to allege any facts that would give rise to any other valid cause of action against either Mathews, Nichols or Bowker. With regard to Adkins's apparent breach of contract claim, the plaintiff responds that he paid $1,568.45 for a book review which was never given. In his response to the defendants' motion, the plaintiff has included a copy of an email exchange between himself and Violet Vanderheim of Bowker in which Adkins makes comments with regard to his book and apparent feedback he had received on the book. Furthermore, in paragraph three of his response, Adkins goes on to state that the defendant did furnish a copy of the book review. As a result, this cause of action is not entirely clear. In addition, based upon the collection efforts of Mathews, Nichols, it appears that the plaintiff may not have made full payment for the book review.

In any case, this court does not have jurisdiction to consider the plaintiff's breach of contract action because the amount in controversy does not satisfy the requirements of 28 U.S.C. § 1332(a). According to that section, a district court has jurisdiction over a civil action between

5

citizens of different states only where the matter in controversy exceeds the sum or value of $75,000. The plaintiff has alleged a loss of only $1,568.45, well below the statutory threshold for diversity jurisdiction in federal court. Therefore, the plaintiff's remaining claim must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

The plaintiff's assertion that this court has jurisdiction pursuant to the Seventh Amendment to the United States Constitution is unavailing. That Amendment states as follows:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII. While the Seventh Amendment does provide for the right to jury trial generally, it does not automatically confer jurisdiction over a claim to a federal court, which is a court of limited jurisdiction. See U.S. Const. Art. III, § 2; 28 U.S.C. § 1332. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501). Therefore, the Seventh Amendment, standing alone, is not sufficient to provide the court with subject matter jurisdiction over the plaintiff's claims as stated in his complaint.

## IV. CONCLUSION

For the reasons set forth above, the court will grant the defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

The Clerk of Court is hereby directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff and all counsel of record.

ENTER: This 29th day of February, 2008.

/s/ Jury Conrad
United States District Judge